651 F.Supp. 36 (1986)
John BURRIS and Kenneth D. Brown, Plaintiffs,
v.
BOZZAY ROADRUNNER SERVICE, INC., Terry Bozzay, Pat Brooks, Defendants.
No. 86-88C(6).
United States District Court, E.D. Missouri, E.D.
June 30, 1986.
Dennis Neil Smith, Smith & Haller, St. Louis, Mo., for plaintiffs.
Robert W. Stewart, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that the motion of defendants for summary judgment in the above-styled action be and it is granted.
*37 Plaintiffs John Burris and Kenneth Brown brought this action pursuant to section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 216(b) to recover for overtime compensation allegedly due them from defendants Bozzay Roadrunner Delivery Service and Bozzay-Brooks, Inc. At all times relevant to the complaint, plaintiff Burris was employed as a driver for defendant Bozzay Roadrunner and plaintiff Brown was employed in the same capacity by Bozzay-Brooks. Defendant Bozzay Roadrunner operates a freight hauling business in the St. Louis area. Defendant Bozzay-Brooks operates a local transport business engaged in delivering freight from warehouses to over-the-road carriers. Plaintiff Burris claims entitlement to compensation at time-and-a-half pursuant to statute for in excess of one thousand (1,000) overtime hours worked between 1984 and 1986. Plaintiff Brown seeks compensation for in excess of four hundred (400) overtime hours in the same period. Plaintiffs seek recovery from the corporate defendants and from Terry Bozzay and Pat Brooks, individual defendants who fall within the statutory definition of "employer" under the FLSA, 29 U.S.C. §§ 203(d); 216(b). Defendants deny liability, arguing that the businesses employing plaintiffs fall within the statutory exemption from the mandatory overtime compensation provision in § 207 of the Act for drivers susceptible of regulation by the Secretary of Transportation, 29 U.S.C. § 213(b)(1). The Court reads the applicable law to support defendants' position, and accordingly grants summary judgment in their favor.
Section 213(b)(1) of the FLSA provides:
(b) The provisions of section 207 of this title shall not apply with respect to
(1) any employee with respect to whom the Secretary of Transportation has power to establish minimum qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49....
Section 304 of Title 49 was repealed in 1983, Pub.L. 97-449, § 7(b), Jan. 12, 1983, 96 Stat. 2444. By the same act of Congress its provisions were reenacted in new § 3102 of Title 49, 49 U.S.C.A. § 3102 (Supp.1986). Section 3102(b)(1) provides:
(b) The Secretary of Transportation may prescribe requirements for
(1) qualifications and maximum hours of service of employees of ... a motor carrier....
Section 3102(a)(1) provides that this section setting forth the powers of the secretary applies to "transportation described in section [ ] 10521 ... of this title." Section 10521 in turn sets forth the jurisdiction of the Interstate Commerce Commission, in pertinent part extending jurisdiction over transportation
(1) between a place in
(A) a State and a place in another State;
(B) a State and another place in the same State through another State....
This section tracks the language of the definition of "interstate commerce" in repealed § 303. The enacting clause of the 1983 amendatory legislation specifically provided that "[c]ertain general and permanent laws of the United States, related to transportation, are revised, codified, and enacted by subsection (b) of this section without substantive change," Pub.L. 97-449, § 1(a). This Court reads this clause to adopt the full body of court interpretation of repealed § 304 as a source of precedent in construing new § 3102, with the sole change being that powers previously vested with the Interstate Commerce Commission now fall within the jurisdiction of the Secretary of Transportation.
In summary, any business over which the Secretary of Transportation has jurisdiction to regulate qualifications and maximum hours is exempt from the overtime compensation mandate in § 207 of the FLSA. The Secretary has such jurisdiction over motor carriers engaged in interstate commerce, which includes the actual transport of goods across state lines and the intrastate transport of goods in the flow of interstate commerce. See Galbreath v. Gulf Oil Corp., 413 F.2d 941 (5th Cir.1969); *38 Bingham v. Airport Limousine Service, 314 F.Supp. 565 (D.C.Ark.1970).
Defendant Terry Bozzay has submitted an affidavit in support of defendants' motion for summary judgment attesting that 6.6% of the total hauling jobs undertaken by Bozzay Roadrunner in the pertinent period required the carrier to cross state lines, and that 90.3% of the delivery runs made by Bozzay-Brooks during that period involved goods traveling in interstate commerce. Plaintiffs have submitted no counterposing affidavits. Neither have they challenged the figure presented in the Bozzay affidavit. This Court finds that defendants fall within the "interstate commerce" definition set forth in the statute. See Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44 (1947) (where 3.65% of driver's routes cross state lines, power to regulate under § 304 of the Motor Carrier Act of 1935 vests in Interstate Commerce Commission). The Secretary of Transportation therefore had the power to regulate defendants' businesses pursuant to 49 U.S.C.A. § 3102(b)(1), and defendants fall within the statutory exemption to the overtime compensation provision in § 213(b)(1) of the Fair Labor Standards Act.
Plaintiffs argue that defendants should not be exempt because the Secretary of Transportation did not in fact regulate in this case. The argument is not well taken. The exemption expressly applies whenever the Secretary has the power, not solely when he or she exercises it. 29 C.F.R. Sec. 782.1(a); Walling v. Mutual Wholesale Food & Supply Co., 141 F.2d 331 (8th Cir.1944).
Defendants' motion is accordingly granted.